at all. Oral argument not to exceed 15 minutes per side. Mr. Smith for the Plaintiff Appellant. Good morning, Your Honors. Scott Smith for the Appellant. If it may please the Court, this case presents issues similar as the Court of Appeals ruled upon previously, but there's a big difference in this case. In this case, it's undisputed that there was not any compliance with the Michigan Foreclosure by Advertisement statute. In fact, on page 6 of the lower court's opinion, the judge finds that there is not a valid assignment. In a case which presented an issue on assignments last year, the Carmack v. New York Mellon case, in that opinion, the court acknowledged that a mortgager may assert a defense which renders the assignment absolutely invalid or effective or void. In this case, this is exactly what is happening. The assignment and the analysis of the lower court judge reaches the conclusion that the assignment isn't effective. So what we have here is a case where a lender doesn't have a real estate interest. They still don't have a real estate interest in the property. I thought they'd cured that later on. Is that not done? I'm sorry, Your Honor? I thought it had been cured later on, but you're saying it had not been cured. No, I don't believe it has been cured. The last time I checked, because as the lower court judge goes through his analysis and opinion, the title's still with the FDIC. They didn't do a proper assignment. MERS made an assignment previously, and then they did another assignment later. We dispute the conclusion of the lower court, but on the facts, on the assignment, the judge actually says that the assignment is no good. They don't have an interest. It's void. So now we're in a situation where statute foreclosure by advertisement, which is generally they say statutes are strictly construed, and they're enforcing the rights of contract. Now we're in a situation where- There's a defect in the foreclosure procedure that your client is seeking to invoke. Your client didn't pay. There's a foreclosure. The property or the title to the property was moved from one bank or one mortgagee to the other, but this seems like a garden variety foreclosure, and your client hasn't really suffered any prejudice in any regard. And so in this diversity action, the district judge granted summary judgment. What was done wrong? Well, that's the ultimate issue. Can you not comply with the statute? I mean, other cases- No, specifically, what is your client's position as to why he's entitled to relief here? Well, he should be allowed to void the foreclosure. In fact, the bank offered to void the foreclosure. They know there's a title defect. There's no question. You're familiar with the Michigan Supreme Court's Kim case. Yes, of course. And so, of course, the showing that's required under that case is some fraud or misconduct relating to the foreclosure procedure and a showing of prejudice, which would mean that you would have to show that your client would have been in a better position to preserve his interest absence the noncompliance with the statute. Right. And I think what you're being asked is what's your specific position in terms of fitting your client within the Kim standard. Okay. Our position is that- See, that's the real issue here. Michigan, they have a statute, and then this case, what I'm submitting, there's straightforward violation of statute. Okay, so we pass that hurdle, even lower court judges. So now we get, as all of you judges are bringing up, how do you deal with the prejudice requirement, which was in the Kim case? And to me, first of all- What's the violation of the statute that you're complaining about? Okay, let's do that. In the statute, I believe it's 600.32043, you have to have a chain of title. There's no chain of title here. It's not even a question of fact. What do you mean there's no chain of title? The title was passed from one financial institution to the other. The only thing that occurred that you could raise was that there was a failure to record, in every instance, the transfers or the transactions. But there's no dispute as to the title and who the correct title holder is. So your client is not entitled to avoid foreclosure just because of this failure to record, is he? Your Honor, I respectfully disagree. There is a dispute on title. If you look at page six of the decision, instead of the lower court decision, the judge actually goes through why the title and the assignments are defective. There's been various parties involved in this transition. There's been AmTrust. There's been Fannie Mae, FDIC, New York Community Bank. Yeah, there were a lot of transfers, but the title transfers were okay. No, they weren't. What was the problem with the title transfer? Well, to simplify it, it's basically MERS assigned the loan to AmTrust that was taken over by the FDIC. The FDIC held one foreclosure sale, and then Fannie Mae became the title holder. That was expunged, and then they foreclosed. New York's Community Bank foreclosed again after MERS the second time assigned the loan. Wait a minute now. Even counsel for the bank, I think, would admit under scrutiny that the title is- Wait a minute. There's not a problem with the title. These mortgagees are not claiming that your client is not the mortgagor. They're not claiming that your client is prejudiced or loses his legal position because of some title transfer. All they're claiming is that your client has failed to pay, and that's all there is to it. So all this other thing that you're talking about, I don't even know why you're claiming there's a legal issue here. You can't foreclose on a mortgage that you don't have- You can't foreclose on a mortgage that you don't have an interest in. I'm saying that, but I want to get to the prejudice. The problem with Michigan law, which no one has tackled head on- Sir, would you like to take some time- Did you reserve some time for rebuttal? Yes, five minutes. Would you like to take some time from that to continue your argument because your red light is on? Thank you. You can continue if you want to take some of your rebuttal time. Would you like to keep all your rebuttal time or use some of it now? Can I just spend maybe one minute of my five minutes to finish my thought? All right. The issue with Michigan law is they don't really define what prejudice is. The way a lot of judges say is you have to take the money and have it outside to redeem the property, and unless someone is physically preventing you from redeeming it, you have no prejudice. Well, obviously, that doesn't cover all the bases. If someone's trying to steal your property, if there's a forgery, if the bank has no title, and more importantly in the cases, if you're subject to double liability, which in this case is not a theoretical possibility. There were two foreclosures that were-one was expunged. There was a mortgage modification which we allege the bank breached. My client doesn't know who holds a note if they're going after him for a deficiency. There's been different amounts that have been foreclosed on 75,000, 150. Council offered to expunge the latest foreclosure. So that's my point, that there is a risk of prejudice. All right. Thank you. If it pleases the Court, Edward Cutlip on behalf of the Appalachian New York Community Bank. This is an appeal from an unopposed motion for summary judgment. There was a late response. It was rejected by the district court. There's no appeal from that decision. I think the court correctly observed this is a garden variety foreclosure action. It's been nothing more, nothing less than an attempt to delay proceedings. Under Kim, as referenced by the court, a flawed foreclosure under MCL 3204 is voidable, not void, as requested by the appellant. And they must show a defect, which is really-if there's to be any defect, you absolutely have a chain of title establishing title going from the original mortgage or MERS to my client, New York Community Bank, as asked by Judge Seiler. And that is identified in the case as document number 4-13 at page 160 and 161 of the transcript when the assignment from the FDIC was done to New York Community Bank on February 5 of 2013. The problem for the appellant in this case, as noted by the court, is there's a complete lack of prejudice in this case because-well, for several reasons. One is there is no risk of deliverable recovery. The note in this case belongs to my client, was assigned to it. My client was the servicer of the note. And my client is the assignee of the mortgage, unquestioned about that. In fact, if it wasn't for my client, the original foreclosure in this case would not have been set aside and he wouldn't have had a second chance at a loan modification, which he ultimately failed. I mean, the fact-the core fact remains that Mr. Lewis hasn't made a payment on this house going back to August of 2011. In addition, the-well, let me say one thing about-there's some efforts about this loan modification, improper notice given under the 3205A claim. It's all issues that are not raised in the pleadings in this case at all, not raised before the trial court, and not properly before this court. There's, in fact-and if you take a look at what is available in the record, you see there's ample evidence that Mr. Lewis was given ample opportunities, including two loan modifications, both of which he defaulted under. I also note that in addition to the lack of prejudice under the Kim decision, the-well, let me-I'm sorry. Let me speak to that in a little more detail. There's not only-because there's a demonstration of a lack of prejudice on several fronts. There's no risk of double recovery in this case. In addition, Mr. Lewis in this case- What about your opposing counsel claiming that there's some problem here because there's some problem in the chain of title. It wasn't clearly-what problem he might be alluding to wasn't clearly identified in his argument, but he's claiming there's some problem there and that would inure to his benefit here. The problem comes about from this fact. The original mortgage was assigned to AmTrust Bank, formerly known as Ohio Savings Bank, on May 12th of 2009. The trial court found, correctly so, that AmTrust assets were transferred by operation of law to the FDIC on December 9th of 2009. On April 26th of 2012, MERS, who at that time would not have had title to the property, assigned the mortgage to New York Community Bank, my client. So you have this out-of-sequence assignment whereby MERS was attempting to transfer the title to my client, New York Community Bank, but the problem was that it had already transferred it to Ohio Savings Bank or AmTrust Bank, which had been transferred by operation of law to the FDIC. That ultimately was corrected by a transfer by the FDIC, who was the legal holder to the mortgage, on February 5th of 2013. The problem that the district court noted was that that assignment occurs after the foreclosure process. That's the defect. The problem is that that type of defect does not void out the foreclosure proceeding that was initiated by my client, but simply it renders it voidable subject to an establishment of prejudice by the other side, which has not been shown and, I would add, has not even been alleged in the complaint that was filed in this case. It also could have been raised in state court at the time of the foreclosure or within the redemption period. Absolutely, Your Honor. In fact, that's determinative by itself. The fact that there hasn't been a redemption as he had the right to redeem establishes that there wasn't any prejudice in this case. And then finally, I would just note that there hasn't been any attempt to address the argument that this is an action that was filed for seeking equitable relief, and this court and a number of district courts in Michigan have provided the rule that if in a situation where the mortgage or homeowner fails to pay and honor its contractual obligations to the mortgagor and the lender, it can't turn around and seek equity from the court when it's failed to do equity itself and under the doctrine of unclean hands is barred from pursuing these remedies. It's an alternative basis for seeking to affirm the decision of the district court, which we ask you to do. Thank you. Thank you. Any rebuttal? Mr. Smith, do you have any rebuttal? Just a few points. Well, you have to go ahead. We can't wait. Okay. The first point is that the Michigan statute says 600.3204.1. It says, of a party foreclosing a mortgage by advertising. Mortgage is not the original mortgagee. A record chain of title shall exist prior to the date of sale under Section 316, evidencing the assignment of the mortgage to the party foreclosing the mortgage. That didn't happen. The assignment from the FDIC was seven months later. So why doesn't Michigan just say, we have these statutes, but we're not going to follow them? Because we're going to say, well, even if the lender doesn't have title, doesn't have a valid mortgage, there's preexisting problems. Take it as far as a forgery. There's no prejudice because these people didn't pay on time, or allegedly. Of course, we are alleging that my client did pay, and then they breached the agreement. They raised the amount. As far as this isn't theoretical, there is a risk of double liability. He could get sued. We don't even know who he could get sued by. Is he going to get sued by Fannie Mae? That would be somebody to hold the mortgage, and that's been cleared up, hasn't it? You said it hadn't been, but it looks like it has been. Under Michigan law, we have no... After the case was filed, and once this was raised, they came in and corrected it, right? I mean, I think your question is there could be a deficiency judgment. We don't know. Under Michigan law, the borrower has no right to know who holds the mortgage. It's a Livonia Properties case. Well, they have a right to know once you have a foreclosure, I suppose, right? Because it has to be whoever's suing. You don't even know who the mortgage company that forecloses because illogically, Fannie Mae probably owns a note because they had foreclosed and taken title or thought they took title before, but it was expunged. This isn't a garden variety. This isn't like someone just saying, I want to know who to note or coming up with some assignment trust thing. This was botched over a period of years because no one cared because the bank was out of business, and my client didn't even know who to deal with. But under Michigan law, you don't know who the note holder is. They don't have to follow the statute. You don't have to know who the mortgage company is as long as sometime afterwards they correct it, and then you can get sued for at least the next six years by, I don't know who's going to sue them, Fannie Mae, New York Community Bank, an AmTrust trustee, I mean, the FDIC, a servicer. I mean, so what I'm – we need – so just to sum it up, I think if you put his statement in mind, there was a violation of the statute. They didn't have the chain of title pursuant to it, so now you get to the prejudice. Now, can someone who has no real estate interest whatsoever, which is really the fact, do a valid foreclosure? I say that that's pretty close to per se prejudice. This isn't like, oh, you forgot to send a letter. Excuse me. Your red light is on, so you'll have to wind up. If you could finish up in a sentence or two, that would be appreciated. Okay. Well, I think basically the points I made and reiterate is there is undisputably a violation of the statute, and secondly, my client is prejudiced because if he was dealing with the real party in interest and they kept their agreement, he would keep his house. We don't even know who to deal with. All right. I think we have your position in hand. If you would remain at council table for a moment. You can have a seat, Mr. Smith, but remain at council table if you would, please. There is a procedure pursuant to our local court rules, I believe it's rule 36, pursuant to which the court can pronounce a decision from the bench when the judges are in agreement and there's no reason for delay. Judge Gibbons will announce the decision of our panel. We considered this case carefully. We've had an opportunity, of course, to consider it through the briefs that have been previously filed and the record in the case and now today through hearing your arguments. It is not a case in which a detailed written opinion is necessary to fully explain the basis for the court's ruling, and so I will do so orally. In this case, as we all know and have been discussing, the defendant appellee, New York Community Bank, foreclosed on Scott Lewis, the plaintiff appellant's home in Brighton, Michigan, in 2012. Mr. Lewis's time to redeem under state law has expired. Subsequent to that period, Mr. Lewis filed a state court action against NYCB to contest the foreclosure, and that case was removed to this court and is the instant case. Mr. Lewis claims that NYCB wrongfully foreclosed because the record claim of title did not reflect, that chain of title did not reflect NYCB's interest in the mortgage at the time the foreclosure was initiated. The district court granted summary judgment to NYCB, concluding that although there was a defect in the chain of title at the time of foreclosure, Mr. Lewis could not show prejudice as required by Michigan law. Here we apply the Michigan Supreme Court's Kim case, Kim v. J.P. Morgan, a 2012 decision. Under that decision, the plaintiff must make two showings, a strong case of fraud or irregularity relating to the foreclosure procedure itself and a prejudice by defendant's failure to comply with the Michigan statutes in foreclosing. Prejudice is measured by whether the plaintiff has showed that he would have been in a better position to preserve his interest in the property absent the defendant's noncompliance with the statute. Mr. Lewis has not made that showing here. He, there is no possibility of double liability here. He's failed to allude in his briefs and arguments to any way in which he would have been in a better position to preserve his interest in the property absent noncompliance. There are no other issues properly before the court at this time, and therefore because Mr. Lewis has failed to demonstrate prejudice, the panel affirms the judgment of the district court. Is there anything to add to that? No, I believe that's good. Thank both of you, counsel, for your arguments. That concludes the matter. There being no further cases on oral argument, you may adjourn.